IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OTTO JAVIER LOPEZ,                           No. C-10-3729 TEH (PR)

        Plaintiff,

    v.                                         ORDER OF DISMISSAL

CORRECTIONAL TRAINING FACILITY,

        Defendant.                       (Doc. #2)

       Plaintiff, a prisoner presently housed at the California Men's Colony ("CMC") in San Luis Obispo, California, has filed a pro se civil rights action pursuant to 42 U.S.C. § 1983 alleging that officers at his prior place of imprisonment, the Correctional Training Facility ("CTF") in Soledad, California, violated his constitutional rights when they lost his property during a prison transfer. Doc. #1. The action is now before the Court for initial screening pursuant to 28 U.S.C. § 1915A.

//

//

I

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a). The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief."  Id. § 1915A(b).  Pleadings filed by pro se litigants, however, must be liberally construed.  Hebbe v. Pliler, 627 F.3d 338, 341–42 (9th Cir. 2010); Balistreri v. Pacifica Police Dep't., 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements:  (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law.  West v. Atkins, 487 U.S. 42, 48 (1988).

Neither the negligent nor intentional deprivation of a prisoner's property states a due process claim under 42 U.S.C. § 1983 if the deprivation was random and unauthorized, rather than done pursuant to "established state procedure."  See Parratt v. Taylor, 451 U.S. 527, 535-44 (1981) (state employee's negligent loss of prisoner's hobby kit does not violate due process if a meaningful post-deprivation remedy for the loss is available), overruled in part on other grounds, Daniels v. Williams, 474 U.S. 327, 330-31 (1986); Hudson v. Palmer, 468 U.S. 517, 533 (1984) (unauthorized

intentional deprivation of property by a state employee does not violate due process if a meaningful post-deprivation remedy for the loss is available).  The availability of an adequate state post-deprivation remedy, e.g., a state tort action, precludes federal relief because it provides the prisoner sufficient procedural due process.  See Zinermon v. Burch, 494 U.S. 113, 128–29 (1990) (where state cannot foresee, and therefore provide meaningful hearing prior to, deprivation, statutory provision for post-deprivation hearing or common law tort remedy for erroneous deprivation satisfies due process); King v. Massarweh, 782 F.2d 825, 826–27 (9th Cir. 1986) (same).  California law provides such an adequate post-deprivation remedy.  See Barnett v. Centoni, 31 F.3d 813, 816-17 (9th Cir. 1994) (citing Cal. Gov't Code §§ 810-895).

II

Here, Plaintiff alleges in his four-page form complaint that when he was transferred from CTF to CMC he "was told that [his] property was missing and that it would be sen[t] as soon as [prison officials] could find it."  Doc. #1 at 3.  Although Plaintiff's allegations regarding the apparent loss of his property by California prison officials are regrettable, they remain insufficient to state a cognizable claim for relief under 42 U.S.C. § 1983.  The action, therefore, is DISMISSED.

//
//
//

3

1    The Clerk is directed to terminate any pending motions as
2 moot and close the file.  No fee is due.
3
4    IT IS SO ORDERED.
5
  DATED    02/22/2011            _____
6                                THELTON E. HENDERSON
                                 United States District Judge
7

G:\PRO-SE\TEH\CR.10\Lopez-10-3729-order of dismissal.wpd

**4**